***********
Upon review of the record including the pleadings from the Industrial Commission file and the briefs of the parties, with reference to the errors assigned, and finding no good grounds to receive further evidence, or to rehear the parties or their representatives, the Full Commission upon reconsideration of the record and pleadings, affirms and adopts the Deputy Commissioner's Decision and Order, with some modifications, and enters the following Decision and Order.
 ***********
The Full Commission finds and concludes that on September 30, 2008, Plaintiff, a prison inmate, filed an Affidavit under the North Carolina Tort Claims Act alleging that beginning on April 23, 2008, he received inadequate medical treatment for his ankle and lower back conditions, and that this inadequate medical care proximately caused him ongoing physical pain and mental anguish. On February 20, 2009, Defendant filed pre-answer Motions to Dismiss and a Motion to Stay Discovery. On June 18, 2009, Deputy Commissioner Houser filed an *Page 2 
Interlocutory Decision and Order holding Defendant's Motions to Dismiss in abeyance, ordering production of Plaintiff's medical records from April 23, 2008 through April 25, 2008 by Defendant, and allowing Plaintiff 120 days within which to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure by amending his Affidavit to include a certification from a medical expert who reviewed Plaintiff's claim and was willing to testify that the medical care provided did not comply with the applicable standard of care. On October 20, 2009, Deputy Commissioner Houser granted Defendant's Motion to Dismiss due to Plaintiff's failure to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure.
Under the North Carolina Tort Claims Act, "negligence is determined by the same rules as those applicable to private parties." Bolkhir v. N.C. State University,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). In order to prevail in a state tort claim, a plaintiff must allege and prove the four common law elements of negligence: (1) that one or more employees or agents of the defendant owed the plaintiff a cognizable duty; (2) that the defendant breached this duty; (3) that this breach proximately caused injury to the plaintiff; and (4) that the plaintiff sustained damages. Id.
Pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure, a plaintiff's claim for medical malpractice which is based upon the statutory standard of medical care described in §§ 90-21.11 and 90-21.12 of the North Carolina General Statutes must be dismissed absent one of the following: (1) the pleading specifically asserts that a person who is reasonably expected to qualify as an expert witness under Rule 702 of the North Carolina Rules *Page 3 
of Evidence reviewed the medical care and is willing to testify that the medical care did not comply with the applicable standard of care; (2) the pleading specifically asserts that a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the North Carolina Rules of Evidence reviewed the medical care and is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or (3) the pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur. N.C. Gen. Stat. § 1 A-1, Rule 9(j) (2009).
Pursuant to § 90-21.12 of the North Carolina General Statutes, Plaintiff must show that Defendant provided him with a level of care not in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities at the time of the alleged negligent act giving rise to the cause of action. N.C. Gen. Stat. § 90-21.12 (2009); Warren v. Canal Indus.,Inc., 61 N.C. App. 211, 300 S.E.2d 557 (1983). Expert testimony is necessary to establish this standard of care. Id. Although Plaintiff asserted a cause of action for medical malpractice, his Affidavit does not comply with the special pleading requirements of Rule 9(j) of the North Carolina Rules of Civil Procedure, and his claim does not meet any of the exceptions legally sufficient in the absence of an affidavit. Id.
For good cause shown, it is ORDERED that Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
It is further ORDERED that no costs are taxed to Plaintiff, as he obtained permission to proceed in forma pauperis.
This the ___ day of June 2010.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER *Page 4 
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1